227 F.2d 303
 HOPE FLOORING & LUMBER COMPANY and Commercial Standard Insurance Company, Intervenors, Appellants,
v.
Mrs. Lee E. BOULDEN, Administratrix of the Estate of Lee E. Boulden, Deceased, Appellee.
 No. 15326.
 United States Court of Appeals Eighth Circuit.
 November 16, 1955.
 
 Shields M. Goodwin, Little Rock, Ark. (E. Riddick Riffel, Little Rock, Ark., with him on the brief), for appellants.
 John H. Lookadoo, Arkadelphia, Ark. (J. Hugh Lookadoo, Jr., Arkadelphia, Ark., with him on the brief), for appellee.
 Before JOHNSEN, COLLET and VAN OOSTERHOUT, Circuit Judges.
 JOHNSEN, Circuit Judge.
 
 
 1
 The question is whether the District Court was entitled to hold that the amount paid by a third party, in disposition of a suit for damages, brought against it by the estate of a deceased employee, for negligently having caused the latter's death, constituted in the particular situation fruits of a "contested case" and not merely proceeds of a "compromise settlement", within the meaning of those terms under the opinion of the Arkansas Supreme Court in Winfrey & Carlile v. Nickles, 223 Ark. 894, 270 S. W.2d 923.
 
 
 2
 On the former appearance of the case before us, 8 Cir., 215 F.2d 731, we had vacated the judgment of the District Court and remanded the cause, for consideration and determination of that question, to which the Nickles opinion, in its use of those terms, had given rise. In so doing, we said that, "since the trial court's previous act of allowance [of attorney's fees out of that portion of the amount paid by the third party to which the deceased's employer and its compensation insurer were subrogated under Ark.Stats.1947, § 81-1340] cannot here be said to have been made in relation to the construction of the statute contained in the Arkansas Supreme Court's opinion, * * * the court should have the opportunity to consider and dispose of the situation on that basis", and that "the case should be remanded * * * to enable the conflicting contentions of compromise settlement and contested case, now being abstractly urged before us [by virtue of the Nickles opinion], to be developed and considered in their full light, and with the benefit of that court's knowledge of the proceedings had before it." 215 F.2d at page 734.
 
 
 3
 After the remand, the trial court engaged in a full hearing, on the history which had been involved in the estate's assertion of its third-party claim, and the elements of skill, preparation, efforts, relationships and processes which had entered into the effecting of the disposition of it. On the whole situation, the court concluded Boulden v. Herring, D. C., 126 F.Supp. 885, 897, that what had been done and accomplished made the disposition effected more than a mere compromise settlement, and that in practical aspect and substance, for purposes of the attorney's fee statute, "this was a contested case within the holding of the Nickles case". The court accordingly again made a fee allowance to the attorney for the deceased's estate, out of the portion of the proceeds to which the employer and its compensation insurer were subrogated, and they have taken this appeal.
 
 
 4
 No question is raised by appellants on the amount, as such, of the allowance made. The contentions which they make are (1) that the situation could not legally be termed one of "contested case", because the disposition involved was not a matter of actual trial and forensic result; and (2) that, if the concept of "contested case" under the Nickles opinion was intended to go beyond the criteria of trial proceedings and jury or court result, the elements and incidents of the disposition here involved could not in any event be said, on their factual substance, to rise above the level of a "compromise settlement".
 
 
 5
 We had said in our previous opinion that we did "not feel warranted in abstractly assuming that the opinion of the Arkansas Supreme Court means that a mere filing of pleadings in court of itself has the effect * * * of necessarily lifting whatever payment may be thereafter made by the third party * * * into the category of fruits of `a contested case'", and, further, that neither did we "feel entitled to hold abstractly that what may be in fact a compromise settlement of a claim against a third party, without representing the product of such legal services and processes as are usually incident to the preparing, conducting and terminating of litigation, will * * * automatically acquire the status of proceeds of `a contested case', within the use of that term in the Arkansas Supreme Court opinion, merely because the parties, or one of them, may desire, for some extraneous reason or purpose, to have the court cloak the settlement with the formality of a judgment entry." 215 F.2d at pages 733 and 734. And in making remand, we also were refusing abstractly to declare that, unless the situation was one of formal trial and forensic result, it would be impossible for a "contested case" to exist.
 
 
 6
 In thus refusing to deal, abstractly and legalistically, with the connotation of the terms "compromise settlement" and "contested case", as used by the Arkansas Supreme Court, for purposes of the attorney's fee statute, and in remanding the case "to enable the conflicting contentions of compromise settlement and contested case * * * to be developed and considered in their full light," we necessarily were leaving the District Court free, and were imposing upon it the responsibility, to evaluate all the aspects of the situation, as a matter of local legal interpretation and application of the holding of the Nickles case.
 
 
 7
 This was in accord with our settled general policy that, "on the question of resolving what local law is, which is unclear or unsettled, * * * we desire and will heavily rely upon the considered appraisal of a District Judge as to what the local law of his jurisdiction is." Kasper v. Kellar, 8 Cir., 217 F.2d 744, 747.
 
 
 8
 On the resolution and determination which the trial court has made, we do not feel that there is any reasonable and convictional basis for us to say that the court was clearly erroneous in its view that the terms "compromise settlement" and "contested case", as used by the Arkansas Supreme Court, in their significance for purposes of the attorney's fee allowance statute, were not meant to be legalistic absolutes, but were intended to have practical and flexible content, as a matter of allowing realistic evaluation to be made compositely of the incidents of skill, preparation, efforts, relationships and processes, which have entered into the production of a result and disposition in a particular situation.
 
 
 9
 We believe that there was adequate local legal margin for the court to say, as it did, that, under the Nickles opinion, "the term `contested case' may have varied meanings depending upon the context in which the term is used, and the meaning of the term in a particular case must be determined from a consideration of all the facts and circumstances, particularly what was done and what was required to be done to bring about or to produce the judgment or recovery."
 
 
 10
 And, on our acceptance of this concept of Arkansas law, there further is no basis in the present situation for us to declare the trial court's factual appraisal and application to be clearly erroneous, that the substance of the elements and incidents which had entered into the producing of the disposition effected was such as to entitle the matter to be regarded as a contested case, for purposes of the question of an attorney's fee allowance under the statute.
 
 
 11
 The court said in its memorandum opinion that the case "was actively contested from the time of its inception until shortly before the entry of the judgment in favor of plaintiff and against the defendants"; that the entire proceeding "was adversary in every detail until the defendants became convinced of the justice of plaintiff's claims"; and that "had the instant case been litigated prior to the adoption of the [Federal Rules of Civil Procedure, 28 U.S.C.A.], there is little doubt but that a trial would have been required to settle the issues between plaintiff and the defendants."
 
 
 12
 In effect, the court found that the elements and incidents of skill, preparation, efforts, relationships and processes ordinarily necessary for a disposition by trial had been so substantially engaged in and had played such a part in the situation as realistically to have been productive of the disposition effected. Thus, among other things, the court pointed out that the parties had appeared at a pre-trial conference; information had been exchanged between them under the Rules of Civil Procedure; and the taking of a deposition had been arranged and engaged in. The nature of this deposition and the character of the witness by whom it was given were such that, as the third-party here admitted, and as the trial court found, it "proved to be the deciding factor in the case", on the effecting of disposition.
 
 
 13
 Other elements and incidents of the situation also were involved in the trial court's appraisal, which we do not deem it necessary to detail. As we have indicated, the evaluation made seems to us to rest upon such substance that we have no right to declare it clearly erroneous.
 
 
 14
 Affirmed.